DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Nathan A. Eden, appeals from the decision of the Lorain County Court of Common Pleas granting the motion to dismiss of Appellee, Mary Fortunato ("Fortunato"), and granting summary judgment in favor of Appellees, Lorain County and Lorain County Sheriff Phil R. Stammittee. This court affirms.
Appellant filed a complaint against Fortunato and Lorain County Sheriff Martin J. Mahoney, in their individual and official capacities, alleging violations of Section 1983, Title 42, U.S. Code. Fortunato moved to dismiss the complaint, pursuant to Civ.R. 12(B)(1). The trial court granted Fortunato's motion and dismissed her from the action with prejudice. Appellant appealed the trial court's decision and this court dismissed the appeal for lack of a final, appealable order. Subsequently, former Sheriff Mahoney moved to substitute newly elected Lorain County Sheriff Phil R. Stammittee as a defendant. The trial court granted the motion.
Lorain County and Sheriff Stammittee ("Appellees") moved for summary judgment. Appellant responded and also moved for summary judgment. The trial court granted Appellees' motion and denied Appellant's motion. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR [The] trial court erred when it granted summary judgment to [Appellees].
In Appellant's assignment of error he argues that material issues of fact remain in dispute and, therefore, the trial court erred in granting summary judgment to Appellees. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. at 292-293. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
Parties may submit evidence as outlined in Civ.R. 56(C) to support motions and responses to motions for summary judgment. Civ.R. 56(C) refers to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" In assessing a motion for summary judgment, courts are restricted to considering the types of evidence specifically enumerated by Civ.R. 56(C). See Carrabine Constr. Co. v. Chrysler Realty Corp. (1986), 25 Ohio St.3d 222, 225.
Section 1983, Title 42, U.S. Code, provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 State courts have concurrent jurisdiction to hear claims brought pursuant to Section 1983, Title 42, U.S. Code. Whenever such a claim is brought in a state court, the federal substantive law applies, but the state procedural rules are followed.
In the instant case, Appellant stated in his complaint that on two occasions he was transferred from the Belmont Correctional Institution to the custody of the Lorain County Sheriff's Department at the Lorain County Correctional Institute ("LCCI") for a court hearing. Appellant alleged that on both occasions Appellees denied him an adequate supply of the prescription medication he was taking for depression, which resulted in pain and suffering and possible permanent injuries.
In Appellees' motion for summary judgment, they provided the trial court with (1) the judgment entry of conviction and sentence regarding Appellant's case, (2) Appellant's medical records for the relevant time period he was an inmate at the LCCI, (3) an affidavit from Lieutenant Doug Newman of the Lorain County Sheriff's Department, which authenticated the medical records, and (4) an affidavit from Margaret Merick-Boise ("Boise"), a nurse, Health Care Unit Administrator, and manager of the Mental Health and Medical Department at the LCCI, which authenticated and provided an explanation of the contents of the medical records.
Specifically, the affidavit of Boise explained that Appellant received a mental health evaluation before being admitted to the LCCI. Further, she stated that a staff medical doctor signed an order authorizing the administration of the prescription in question to Appellant, following the recommendation of the mental health staff. Boise's affidavit demonstrated that although there was a delay in obtaining Appellant's medication, he received five doses of the drug before he was returned to Belmont. Finally, she stated that although Appellant alleged that he suffered from withdrawal symptoms, withdrawal is not a side effect of the drug in question.
Appellant responded in opposition but did not provide the trial court with any evidence of the type listed in Civ.R. 56 to support his argument. Instead, Appellant submitted various unauthenticated documents including his request for medication and previously filed grievances regarding the incident. Additionally, in his response, Appellant pointed to allegedly disputed issues of material fact contained in the affidavits submitted by Appellees. We conclude that the evidence, viewed in a light most favorable to Appellant, demonstrated that Appellees attended to Appellant's concerns regarding his prescription medication and, therefore, showed no dispute as to whether Appellees denied Appellant adequate medical care in violation of Section 1983, Title 42, U.S. Code.
Where a party fails to make a showing of evidence as to the existence of an essential element of his or her cause of action, "there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Dresher, 75 Ohio St.3d at 288, quoting Celotex Corp. v. Catrett (1986), 477 U.S. 317, 322-23,91 L.Ed.2d 265, 273. Hence, since Appellees provided evidence of adequate medical care and Appellant failed to adduce evidence of the type listed in Civ.R. 56 to dispute it, we conclude that the trial court did not err in granting summary judgment in favor of Appellees. Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WHITMORE, J. CONCUR